

**FILED**

AUG 13 2012

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, | \* \* \* | Civ. *12-4146* |
| Plaintiff, | \* \* \* | |
| -vs- | \* \* | |
| MARLO J. BIESMA, individually, and in his capacity as an employee/agent, Ernest R. Namminga, d/b/a Namminga Farms or Ernmore Enterprises, Christopher Cleveringa, Laura Cleveringa and Farm Bureau Property and Casualty Insurance Company, an Iowa corporation, | \* \* \* \* \* \* \* \* \* \* \* | COMPLAINT FOR DECLARATORY RELIEF |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff National Farmers Union Property and Casualty Company ("Plaintiff National Farmers Union"), for its cause of action against Defendant Marlo J. Biesma, individually, and in his capacity as an employee/agent ("Defendant Biesma"), Defendant Ernest R. Namminga d/b/a Namminga Farms or Ernmore Enterprises ("Defendant Namminga"), Defendant Christopher Cleveringa, Defendant Laura Cleveringa and Defendant Farm Bureau Property and Casualty Insurance Company, an Iowa corporation ("Defendant Farm Bureau"), hereby states and alleges as follows:

## STATEMENT OF JURISDICTION

1.     Plaintiff National Farmers Union is incorporated in the State of Colorado and domiciled in the State of Wisconsin.

Plaintiff National Farmers Union issues policies of insurance in the State of South Dakota.

2.    Upon information and belief, at all times relevant hereto, Defendant Biesma was a resident of the City of Tyndall, County of Bon Homme, State of South Dakota.

3.    Upon information and belief, at all times relevant hereto, Defendant Namminga was a resident of the City of Springfield, County of Bon Homme, State of South Dakota.  Upon further information and belief, Defendant Namminga was operating a dairy farm and a trucking company under the name of Ernmore Enterprises and/or Namminga Farms, located in the City of Springfield, County of Bon Homme, State of Dakota.

4.    Upon information and belief, Defendants Christopher Cleveringa and Laura Cleveringa were residents of the City of Rock Valley, County of Sioux, State of Iowa.

5.    Defendant Farm Bureau is an Iowa corporation with its principal place of business located in West Des Moines, Iowa. Upon information and belief, Defendant Farm Bureau issues policies of insurance in the State of South Dakota, and issued a policy or policies of insurance for Defendant Namminga for the use and operation of the semi-tractor trailer truck involved in the accident.  On information and belief, Defendant Farm Bureau has assumed the defense of Defendant Biesma and Defendant Namminga for the underlying lawsuit.

6.    The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7.    This Court has jurisdiction of this lawsuit between citizens and/or residents of different states and which value exceeds $75,000.00 pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1332.

## COMPLAINT FOR DECLARATORY RELIEF

8.    Plaintiff National Farmers Union incorporates herein by reference the allegations contained in paragraphs 1 - 7 above as though fully set forth herein.

9.    Plaintiff National Farmers Union commences this action for declaratory relief pursuant to 28 U.S.C. § 2201, et seq. seeking a declaration as to the rights, legal relations, duties, obligations, liabilities, coverages and/or exclusions by and between Plaintiff National Farmers Union and Defendant Biesma with respect to a Private Passenger Auto policy of insurance ("the auto policy") issued by Plaintiff National Farmers Union to Defendant Biesma and his wife Ruth Biesma.  The auto policy bears policy number 1PA0023720, and covers the policy period 02-15-2012 - 08-1-2012, for a 1999 Buick LeSabre Custom and a 1996 Ford Ranger Super.  The auto policy provides liability limits in the amount of $100,000.00 per person / $300,000.00 per occurrence. Defendant Biesma is a named insured on the auto policy.

10.  Defendant Christopher Cleveringa and Defendant Laura Cleveringa are indispensable parties, as their rights for recovery - in the event that they obtain a judgment against Defendant Biesma in the lawsuit titled Christopher N. Cleveringa and Laura Cleveringa vs. Marlo J. Biesma, individually and in his capacity as an employee/agent, Ernest R. Namminga d/b/a/ Namminga Farms or Ernmore Enterprises, venued in the Federal District Court for the District of South Dakota, Southern Division ("the underlying lawsuit") - are affected by this Court's determination of the above-entitled Complaint for Declaratory Relief.

11.  Defendant Biesma is an indispensable party, as his personal obligations - in the event that Defendant Christopher Cleveringa and Defendant Laura Cleveringa obtain a judgment against him in the underlying lawsuit - are affected by this Court's determination of the above-entitled Complaint for Declaratory Relief.

12.  Defendant Namminga is an indispensable party, as his personal obligations - in the event that Defendant Christopher Cleveringa and Defendant Laura Cleveringa obtain a judgment against him in the underlying lawsuit - are affected by this Court's determination of the above-entitled Complaint for Declaratory Relief.

13.  Defendant Farm Bureau is an indispensable party, as its obligations to defend and indemnify - in the event that

Defendant Christopher Cleveringa and Defendant Laura Cleveringa

obtain a judgment against Defendant Biesma and/or Defendant

Namminga in the underlying lawsuit - are affected by this Court's

determination of the above-entitled Complaint for Declaratory

Relief.

## FACTS

14.   Plaintiff National Farmers Union incorporates

herein by reference the allegations contained in paragraphs 1 -

13 above as though fully set forth herein.

15.   The dispute at issue in this Complaint for

Declaratory Relief arises out of a motor vehicle accident that

occurred on May 29, 2012 between Defendant Christopher Cleveringa

and Defendant Biesma on Highway 46 in the County of Bon Homme,

State of South Dakota ("the accident").

16.   At the time of the accident, Defendant Biesma was

operating a semi tractor trailer truck that was, upon information

and belief, owned by Defendant Namminga.

17.   Defendants Cleveringa allege that Defendant Biesma

was negligent with respect to his operation of the semi tractor

trailer truck at the time of the accident, and this negligence

resulted in severe personal injuries and damages to Defendant

Christopher Cleveringa, including past and future pain and

suffering, disfiguration, past and future medical expenses and

past and future wage loss, as well as a loss of Defendant

Christopher Cleveringa's companionship with his wife, Defendant
Laura Cleveringa (collectively, "Defendants Cleveringas'
claims").

18. At the end of June or early July, 2012, Defendants
Cleveringa filed the underlying lawsuit in the Federal District
Court for the District of South Dakota, Southern Division, in
order to bring claims in negligence, respondeat superior and loss
of consortium against Defendant Biesma and Defendant Namminga
with regard to the accident. The pleadings of the underlying
lawsuit allege that Defendant Marlo Biesma was operating a
"tractor/semi-trailer" at the time of the accident.

19. The auto policy that Plaintiff National Farmers
Union issued to Defendant Biesma and his wife Ruth Biesma was in
effect at the time of the accident.

20. After notice of the accident Plaintiff National
Farmers Union undertook an investigation of the accident,
Defendants Cleveringas' claims, the auto policy and, later, the
underlying lawsuit ("investigation").

21. Plaintiff National Farmers Union's investigation
leads it to believe coverage is not afforded to Defendant Biesma
for Defendants Cleveringas' claims or the underlying lawsuit,
pursuant to the clear and unambiguous language of the auto policy
issued to Defendant Biesma.

22.   Plaintiff National Farmers Union has issued a
Reservation of Rights letter to its insured, Defendant Marlo
Biesma, after investigation, on or about July 16, 2012.

23.   Plaintiff National Farmers Union commences this
action for declaratory relief pursuant to 28 U.S.C. § 2201,
seeking a declaration as to the rights, legal relations, duties,
obligations, liabilities, coverages and/or exclusions by and
between Plaintiff National Farmers Union and Defendant Biesma
with respect to the auto policy, policy 1PA0023720, issued by
Plaintiff National Farmers Union to Defendant Biesma.

24.   The auto policy issued by Plaintiff National
Farmers Union to Defendant Biesma contains the following
pertinent definitions, provisions, coverages and exclusions
(emphasis original):

*DEFINITIONS USED THROUGHOUT THIS POLICY*
*. . .*
*(1)* **We, us,** *and* **our** *mean the Company providing this insurance.*
*(2)* **You** *and* **your** *mean the named insured shown in the Declarations and spouse if living in the same household...*
*(3)* **Bodily injury** *means bodily harm to or sickness, disease or death of any person...*
*(4)* **Property damage** *means damage to or destruction of tangible property, including loss of its use.*
*(5)* **Car** *means a four-wheel land motor vehicle,* **utility car** *or* **farm car** *designed for use mainly on public roads.  It does not include any vehicle while located for use as a dwelling or other premises.*
*. . .*
*(11)* **Farm car** *means a motor vehicle of a truck type not used for business purposes other than farming.* **Farm car** *does not include a tractor-trailer truck.*

7

(12) **Utility trailer** *means a vehicle designed to be towed by a* **private passenger car, utility car, or farm car,** *including a farm wagon or farm implement, while towed by a* **private passenger car, utility car,** *or* **farm car.**

. . .

(14) **Car business** *means a business or job where the purpose is to sell, lease, repair, service, transport, store, or park land motor vehicles or trailers.*

. . .

*PART I - LIABILITY*
*COVERAGE A - LIABILITY COVERAGE*
**We** *will pay damages for which any* **insured person** *is legally liable because of* **bodily injury** *and* **property damage** *arising out of the ownership, maintenance or use of a* **car** *or* **utility trailer.**

*. . .* **We** *have no duty to defend any suit or settle any claim for* **bodily injury** *or* **property damage** *not covered under this policy.*

*ADDITIONAL DEFINITIONS USED IN THIS PART ONLY*
*As used only in this Part* **insured person** *or* **insured persons** *mean:*
(1) **You** *or a* **relative.**

. . .

(3) *Any other person or organization with respect only to legal liability for acts or omissions of:*
   (a) *any person covered under this Part while using your insured car.*
   (b) **you** *or any* **relative** *covered under this Part while using any car or utility trailer other than your insured car if the car or utility trailer is not owned or hired by that person or organization.*

. . .

*EXCLUSIONS*
*This coverage does not apply to:*
(1) **Bodily injury** *or* **property damage** *arising out of the ownership, maintenance, or use of a vehicle when used to carry persons or property for a charge. This exclusion shall not apply to shared-expense car pools or the occasional carrying of property for a nominal charge.*

. . .

8

*(6)* ***Bodily injury*** *or* ***property damage*** *arising out of the ownership, maintenance or use of any vehicle, except your insured car, used in any business or occupation other than* ***car business.*** *This exclusion does not apply to a* ***private passenger car, utility car, or farm car*** *driven or occupied by* ***you*** *or* ***your relatives*** *or to a* ***farm car*** *driven by* ***your*** *employee.*

. . .

*(9)* ***Bodily injury*** *or* ***property damage*** *arising out of the ownership, maintenance or use of any vehicle, other than* ***your insured car,*** *which is owned by or furnished or available for regular use by* ***you*** *or a* ***relative.*** *This exclusion does not apply to* ***you*** *while* ***you*** *are maintaining or occupying any vehicle which is owned by a family member or furnished or available for the regular use of a family member*

. . .

25.   The auto policy does not afford coverage for the claims asserted by Defendants Cleveringa against Defendant Biesma in the underlying lawsuit or elsewhere.

26.   Defendants Cleveringa's claims against Defendant Biesma in the underlying lawsuit or elsewhere are excluded from coverage by the terms, conditions, exclusions and limitations contained in the auto policy.

27.   Pursuant to the terms, conditions, exclusions and limitations contained in the auto policy, Plaintiff National Farmers Union has no obligation to defend or indemnify Defendant Biesma in connection with the underlying lawsuit or for any claims made by Defendants Cleveringa with respect to this accident.

28.   There is no coverage for the claims asserted by Defendants Cleveringa against Defendant Marlo Biesma in the underlying lawsuit or elsewhere because the non-owned semi tractor trailer truck that Defendant Biesma was operating at the time of the accident does not meet the definition of a car, utility car or farm car set forth by the auto policy.

29.   There is no coverage for the claims asserted by Defendants Cleveringa against Defendant Biesma in the underlying lawsuit or elsewhere because Defendant Biesma was hauling grain, which is property, for pay at the time of the accident in a non-owned semi tractor trailer truck, and coverage for the same is specifically excluded pursuant to the language of the applicable exclusion contained in the auto policy.

30.   There is no coverage for the claims asserted by Defendant Cleveringa against Defendant Biesma in the underlying lawsuit or elsewhere because the non-owned semi tractor trailer truck that Defendant Biesma was operating at the time of the accident was available for regular and frequent use, and coverage for the same is specifically excluded pursuant to the language of the applicable exclusion contained in the auto policy.

31.   There is no coverage for the claims asserted by Defendant Cleveringa against Defendant Biesma in the underlying lawsuit or elsewhere because the non-owned semi tractor trailer truck that Defendant Biesma was operating at the time of the

accident was being used for business, and coverage for the same
is specifically excluded pursuant to the language of the
applicable exclusion contained in the auto policy.

### PRAYER FOR RELIEF

Plaintiff National Farmers Unions prays for declaratory
judgment against Defendants Marlo J. Biesma, individually and in
his capacity as an employee/agent, Ernest R. Namminga d/b/a
Namminga Farms or Ernmore Enterprises, Christopher N. Cleveringa,
Laura Cleveringa and Farm Bureau Property and Casualty Insurance
Company, an Iowa corporation, as follows:

1.    Declaring that Plaintiff National Farmers Union
has no obligation to defend or indemnify Defendant Marlo Biesma
in any way with respect to Defendants Cleveringas' claims against
him in the underlying action that is venued in the Federal
District Court for the District of South Dakota, Southern
Division and titled *Christopher N. Cleveringa and Laura*
*Cleveringa vs. Marlo J. Biesma, individually and in his capacity*
*as an employee/agent, Ernest R. Namminga d/b/a/ Namminga Farms or*
*Ernmore Enterprises;*

2.    In favor of Plaintiff National Farmers Union and
declaring that there exists no coverage under the auto policy
issued by Plaintiff National Farmers Union for claims asserted by
Defendants Cleveringa in the underlying action;

3.    For reasonable costs and disbursements incurred herein; and

4.    For such further and additional relief the Court deems just and proper.

Dated this 10th day of August, 2012.

RICHARDSON, WYLY, WISE, SAUCK
& HIEB, LLP

By_____
     Attorneys for Plaintiff

One Court Street
Post Office Box 1030
Aberdeen, SD 57402-1030
Telephone No. (605)225-6310
Fax No. (605)225-2743
E-Mail: rwise@rwwsh.com

12